## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**CYNTHIA BRYANT**                                                            **CIVIL ACTION**

**VERSUS**

**WAL-MART STORES, INC.**                                          **NO. 10-419-BAJ-M2**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report.  The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 14 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, August 26, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**CYNTHIA BRYANT**                                                    **CIVIL ACTION**

**VERSUS**

**WAL-MART STORES, INC.**                                          **NO. 10-419-BAJ-M2**

## <u>MAGISTRATE JUDGE'S REPORT</u>

This matter is before the Court on the Motion to Remand (R. Doc. 5) filed by plaintiff, Cynthia Bryant ("Bryant").  Defendant, Wal-Mart Stores, Inc. ("Wal-Mart"), has filed an opposition (R. Doc. 6) to Bryant's motion.

## <u>FACTS & PROCEDURAL BACKGROUND</u>

Bryant filed this lawsuit against Wal-Mart in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, on June 4, 2010.  In her petition, she alleges that, on or about June 9, 2009, she slipped and fell on a banana peel as she was walking down the soda aisle while shopping at Wal-Mart Store #839 in Baton Rouge.  She contends that, as a result of her fall, she sustained "serious personal injuries, which have caused her pain and suffering, emotional distress, and mental anguish as well as an inability to engage in many of the activities she engaged in before this accident."  *See*, R. Doc. 1-1, ¶5.  She also contends that, because of the accident, she sustained "significant medical expenses for the treatment of her injuries, and lost wages and other expenses."  *Id.*

Wal-Mart removed Bryant's suit to this Court on June 24, 2010 on the basis of diversity jurisdiction.  Bryant has now filed the present motion, seeking remand of this

matter to state court on the ground that the requisite amount is not in controversy to sustain diversity jurisdiction.

## LAW & ANALYSIS

Under 28 U.S.C. § 1332(a), a federal court has diversity jurisdiction if the matter in controversy:  (1) exceeds $75,000.00, exclusive of interest and costs, and (2) is between citizens of different states.[1]  Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages, the removing defendant has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00.  *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000).   A defendant makes that showing when it is "facially apparent" from a reading of the complaint that the plaintiff's claims are likely to exceed $75.000.00.  *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

If it is not "facially apparent," the court may rely on "summary judgment-type" evidence relevant to the amount in controversy at the time of removal to make the determination.  *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)*; White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003).  All doubts and uncertainties regarding federal jurisdiction must be resolved in favor of remand.  *Sutherland v. First Nationwide Mortgage Corp.*, 2000 WL 1060362 (N.D. Tex 2000).   Under any manner of proof, jurisdictional facts which support removal must be judged at the time of removal, and post-

---

[1] It is undisputed that the parties in this case are citizens of different states, as Bryant is alleged to be a resident and domiciliary of Louisiana and Wal-Mart is alleged to be a Delaware corporation with its principal place of business in Bentonville, Arkansas.  Thus, the only issue herein is whether the requisite amount is in controversy for purposes of diversity jurisdiction.

petition affidavits are allowable only if relevant to that period of time.  *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

If a removing defendant shows that the amount in controversy is likely to exceed the federal jurisdictional minimum, the burden then shifts to the plaintiff to show that it is a "legal certainty" that he or she will not be able to recover the jurisdictional amount – a burden which can be met by:  (1) showing state procedural rules binding the plaintiff to his/her pleadings;[2] or (2) filing a binding stipulation or affidavit to that effect with the complaint.  *De Aguilar v. Boeing Co.*, 47 F.3d 1404 (5th Cir. 1995).

Looking solely at the allegations in Bryant's petition, it is ambiguous as to whether or not her damages in this matter will exceed $75,000.00, exclusive of interest and costs. The list of damages contained in the petition is general and similar to the customary damages set forth by personal injury plaintiffs, which do not provide the Court with any guidance as to the monetary amount of damages Bryant has or will incur in this matter. Furthermore, Bryant did not pray for a state court jury trial in her petition so it is not even clear to the Court, based solely upon her allegations, whether or not her damages will exceed the threshold amount for a state court jury trial, $50,000.00.[3] [4]

---

[2] For example, the plaintiffs' state court petition might cite a state law that prohibits recovery of damages that exceed those requested in the *ad damnum* clause and that prohibits the initial *ad damnum* clause from being increased by amendment.

[3] *See*, La.C.C.P. art. 1732, which provides that a state trial by jury shall not be available in a suit where the amount of no individual petitioner's cause of action exceeds $50,000.00, exclusive of interest and costs.

[4] Although Wal-Mart contends in its Notice of Removal that Bryant asserted that her damages exceed $50,000.00, the jurisdictional amount for trial by jury in state court, in Paragraph 11 of her petition, there is no Paragraph 11 contained in Bryant's petition.

Additionally, although, in its removal notice and its opposition to the present motion, Wal-Mart relies upon the fact that Bryant's petition does not contain a stipulation limiting her damages to an amount below $75,000.00 in accordance with La. C.C.P. art. 893, the failure to include such a stipulation alone is not determinative of the amount in controversy. *See, Lilly v. Big E Drilling Co.*, 2007 WL 2407254 (W.D.La. 2007)(If parties may not create subject matter jurisdiction by express agreement or stipulation, which is well settled, then the mere inaction of the plaintiff in failing to include an allegation that his/her damages are less than the federal jurisdictional minimum in accordance with La.C.C.P. art. 893 cannot give rise to presumptive federal jurisdiction or satisfy the defendant's burden of proving, through allegations of fact or record evidence, that the amount in controversy requirement is met).[5] [6]

Because the amount in controversy remains ambiguous after considering the allegations in the petition, the Court must next consider whether Wal-Mart has met its burden of proving, through summary judgment-type evidence, that the requisite amount is in controversy in this matter for purposes of diversity jurisdiction. Wal-Mart has not offered

---

[5] *See also, Weber v.* Stevenson, 2007 WL 4441261 (M.D.La. 2007)(While the failure to include an allegation in the state court petition that one's damages are less than the federal jurisdictional minimum in accordance with La.C.C.P. art. 893 is entitled to "some consideration," it is not, in and of itself, determinative of the amount in controversy);*Berthelot v. Scottsdale Insurance Co. of Arizona*, 2007 WL 716126 (E.D.La. 2007)("[I]n light of the requirement that this Court strictly construe the jurisdictional statutes and resolve ambiguities in favor of remand, the Court disagrees that the silence of the petition [in failing to plead the lack of federal jurisdiction in accordance with La.C.C.P. art. 893] creates federal jurisdiction").

[6] While Wal-Mart has attached to its opposition several "Minute Entries" and an "Order" out of the Western District of Louisiana, wherein Magistrate Judges in that District found that plaintiffs had, in effect, conceded that the jurisdictional minimum was satisfied by virtue of their failure to allege in the petition that their damages were less than the federal jurisdictional minimum, all of those minute entries/orders were issued in 2005, prior to the cases out of the various district courts cited above. As such, the court finds that the 2005 "Minute Entries" and "Order" out of the Western District have no impact upon this Court's decision herein.

any competent evidence with its notice of removal or with its opposition to Bryant's remand motion substantiating its contention that the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs.  Instead, it relies solely upon the allegations concerning plaintiff's injuries that are contained in Paragraph 5 of the petition and the fact that plaintiff failed to stipulate in the petition that her damages are worth less than the jurisdictional minimum,[7] both of which the undersigned has already determined are insufficient to establish the amount in controversy.  As such, Wal-Mart has failed to carry its burden of proof upon removal.

Finally, although not required to produce any evidence as to the amount in controversy, Bryant has produced copies of medical reports and bills from two (2) health care providers who treated her in connection with the injuries she sustained in the subject accident, which suggest that the required amount in controversy is not satisfied in this case. Those records reveal that Bryant was seen on June 10, 2009 by Dr. Andy Boyer at the Lake After Hours Clinic, at which time she complained of isolated "tailbone pain" with no radiation.  An x-ray of Bryant's sacrum/coccyx was ordered, and she was told to follow up with Baton Rouge Orthopaedic Clinic the next day.

Bryant followed up with Dr. John Thomas at the Baton Rouge Orthopaedic Clinic on July 11, 2009.  His examination of Bryant's lower back and coccygeal area revealed some tenderness to palpation in the coccygeal region.  He noted that the discomfort was greatest for her when she tried to get up and down from a seated position.  An x-ray examination allowed poor visualization of the coccyx, and a clear diagnosis therefore could not be made

---

[7] *See,* ¶6 of Wal-Mart's Notice of Removal, R. Doc. 1.

as to whether or not she had sustained a fracture or a sprain.  Dr. Thomas opined that Bryant's injury could be conservatively treated with pain medication by mouth and with counseling as to appropriate posturing, sitting, etc.  Dr. Thomas further opined that Bryant's condition might take four (4) to six (6) weeks to fully resolve but that the pain should progressively diminish as time passed.  He informed Bryant that it is "extremely rare" to have any long-term complications from such an injury.

Bryant followed up with Dr. Thomas on September 10, 2009, at which time she indicated that, although her symptoms had resolved, they had recently returned when she traveled in a car for a long distance to Memphis.  Her pain was again in the coccygeal area, and she indicated that it was bothersome to her when getting up and down from the seated position.  She reported no lower back pain and no pain radiating to the buttock or into the legs and no numbness in the feet.  Dr. Thomas informed her that she should try to avoid certain activities that might provoke her coccygeal pain so that she would hopefully become asymptomatic again.  He also informed her that, if her symptoms persisted, she should undergo an MRI to rule out any other pathology which might be present.  He was hopeful, however, that her pain would resolve again with proper preventative measures.  The medical bills Bryant has submitted to the Court concerning her visits to Lake After Hours and Dr. Thomas indicate total medical expenses in the amount of $826.00.[8]  Considering

---

[8] Although Bryant's medical bills/reports were produced post-removal with her motion to remand, the treatment documented in those bills/reports occurred prior to removal, and as a result, they can be considered in determining the amount in controversy at the time of removal, contrary to Wal-Mart's argument in its opposition.  Of course, if, during discovery in state court, Wal-Mart ascertains additional medical or wage loss information that substantiates its claim that the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs, it would be appropriate for Wal-Mart to remove the case within thirty (30) days of first ascertaining that information.  However, at this time, the only competent evidence before the Court (which was presented by Bryant) suggests that her claimed damages are far from exceeding the jurisdictional minimum, and this matter should therefore be remanded.

such minimal medical bills, the fact that Bryant's treating physician is hopeful that her symptoms will resolve again with proper preventative measures as they did previously, and the fact that Wal-Mart has submitted absolutely no competent, summary judgment-type evidence suggesting that Bryant's combined medical and wage loss claims will exceed $75,000.00, the undersigned will resolve all ambiguities in favor of remand and recommend that this matter be remanded to state court for further proceedings.

## **RECOMMENDATION**

For the above reasons, it is recommended that the Motion to Remand (R. Doc. 5) filed by plaintiff, Cynthia Bryant, should be **GRANTED** and that this matter should be **REMANDED** to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, for further proceedings.

Signed in chambers in Baton Rouge, Louisiana, August 26, 2010.

_____

**MAGISTRATE JUDGE CHRISTINE NOLAND**

7